IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RODERICK M. OWENS, #266904,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01093 |
| ) | Judge Trauger |
| **RICKY HILL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Proceeding pro se, state inmate Roderick Owens filed a "Writ of Mandamus" under 28 U.S.C. § 1651 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). The court determined that these filings had been prepared and signed by another inmate on behalf of the plaintiff, and so required the plaintiff to personally sign a copy of the opening pleading and file his own IFP application if he wished to proceed in this matter. (Doc. No. 5.) The plaintiff returned his signed pleading (Doc. No. 9) and IFP application (Doc. No. 6) on December 11, 2023. He also filed two motions to appoint counsel (Doc. Nos. 7 and 11); a Motion for Leave to File Amended Complaint (Doc. No. 12) to which he attached his proposed Amended Complaint (Doc. No. 12-1); and, most recently, a motion to ascertain status. (Doc. No. 14.)

### I. IFP APPLICATION

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a civil action may apply for permission to file suit without prepaying the required filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 6) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

## II. MOTION TO AMEND

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Because no pleading in this case has yet been served, the plaintiff does not need leave of court to file a first amended opening pleading. Nevertheless, the plaintiff's Moton for Leave to File Amended Complaint (Doc. No. 12) is **GRANTED**. The Clerk **SHALL** file Doc. No. 12-1 as the Amended Complaint in this matter.

The Amended Complaint, though filed under the caption "Writ of Mandamus," states in its

first paragraph that it "is a civil action authorized by 42 U.S.C. Section 1983." (Doc. No. 12-1 at 1.) It names 12 defendants, including the Tennessee Department of Correction (TDOC) Commissioner, the TDOC Assistant Commissioner of Prisons, and 10 individuals who work at Whiteville Correctional Facility (WCFA), where the plaintiff has at all relevant times been incarcerated. In brief, the Amended Complaint alleges that the plaintiff intervened in a fight between inmates in May of 2022, during which he sustained three stab wounds, and after which he was brought up on disciplinary charges. Among other claims, the Amended Complaint asserts that the plaintiff has been held on the overly restrictive classification of "close custody" since June of 2022 with only one reclassification review, despite the fact that he should long ago have been returned to WCFA's general population under standard reclassification procedures. (*Id.* at 11.) As relief, the plaintiff seeks an award of damages.

At this point, the court would ordinarily conduct an initial PLRA screening of the Amended Complaint. 28 U.S.C. §§ 1915A, 1915(e)(2). But as the plaintiff himself points out (*see* Doc. No. 12 at 1–2), in light of his discovery of the "identity and the actions of" an additional 9 defendants since the outset of this case, all of whom are employed at WCFA (in West Tennessee) where the events complained of took place, it does not appear that it is in the interests of justice or the convenience of the parties for the case to remain in this District.

### III. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28

U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60.

Because all defendants named in the Amended Complaint are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). Ten of the twelve defendants (Leeds, Hill, Watkins, Gross, Neal, Towles, Bonner, Jackson, Robertson, and Grant) appear to reside in Whiteville, Hardeman County, Tennessee, where they are employed as WCFA officials. (*See* Doc. No. 12-1 at 1–3.) Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). Plaintiff is presently incarcerated at WCFA, and the Amended Complaint is entirely concerned with events occurring at that facility. Although the two remaining defendants—both executive-level officials of TDOC—presumably reside in this District, from which TDOC operates, the Western District is clearly the more convenient forum for the parties and witnesses in this case.

Though venue is not improper in this District, § 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to § 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*,

4

693 F. App'x 406, 408 (6th Cir. 2017). "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. *Burnett*, 2010 WL 1609256, at *2. The court in its discretion finds that transfer to the Western District is appropriate under § 1404(a).

### III. CONCLUSION

For the foregoing reasons, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division.

In light of the transfer, the plaintiff's motions to appoint counsel (Doc. Nos. 7 and 11) are **DENIED** without prejudice. His motion to ascertain status (Doc. No. 14) is **GRANTED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

5