IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK M. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01096-JDB-tmp |
| | ) | |
| RICKY HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
NOTIFYING PLAINTIFF OF THE COURT'S STRIKE RECOMMENDATION UNDER 28
U.S.C. § 1915(g),
AND
CLOSING CASE

On October 18, 2023, the Plaintiff, Roderick M. Owens, filed a pro se writ of mandamus under 28 U.S.C. § 1651 in the United States District Court for the Middle District of Tennessee.[1] (Docket Entry ("D.E.") 1.)  At the time the writ was filed, he was confined at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee.[2]  United States District Judge Aleta A.

---

[1]Another inmate, Dewayne Jordan, prepared and signed the filing.  United States District Judge Aleta A. Trauger of the Middle District advised, in an order entered November 8, 2023, that Jordan, a non-lawyer, could not "represent other people in federal court."  (D.E. 5 at PageID 25.) Owens was ordered therein to return a signed mandamus petition and resolve the associated filing fee by either paying it in full or filing an application to proceed in forma pauperis.  Plaintiff complied with the order by filing, on December 11, 2023, an application for leave to proceed in forma pauperis and a signed mandamus petition.  (D.E. 6, 9.)

[2]A search of the Tennessee Department of Correction Felony Offender Information website reveals that Owens completed his sentence on July 4, 2024, and his supervision status is listed as "inactive." *See* https://foil.app.tn.gov/foil/search_additional.jsp (last accessed Oct. 4, 2024).

Trauger of the Middle District granted Plaintiff's motion for leave to proceed in forma pauperis and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(a)-(b).  (D.E. 16.)  Owens filed an amended complaint on April 30, 2024.  (D.E. 15.)  Though the amended pleading was entitled "Writ of Ma[n]damus," Plaintiff stated in the first paragraph that it was "a civil action authorized by 42 U.S.C. [§] 1983."  (*Id*. at PageID 128.)

As Judge Trauger observed, most of the defendants named in the amended complaint were employed by WCF and appeared to reside in Hardeman County, which lies within the Western District of Tennessee.  Additionally, the pleading was entirely concerned with events that occurred at WCF, where Owens was then confined.  Judge Trauger determined that the Western District was the "more convenient forum" and transferred the action to this Court under 28 U.S.C. § 1404(a).  (D.E. 16 at PageID 177.)

The amended complaint alleges that Owens intervened in a fight between inmates on May 11, 2022, during which he sustained three stab wounds, and after which he was brought up on disciplinary charges.  Among other claims, he asserts that he has been held on the overly restrictive classification of "close custody" since June 2, 2022, with only one reclassification review, despite the fact that he should have been returned to WCF's general population under standard reclassification procedures.  (D.E. 15 at PageID 138.)  He seeks an award of damages and declaratory relief.

For the reasons set forth below, the amended § 1983 complaint is DISMISSED WITH PREJUDICE as time-barred.

I.       SCREENING THE COMPLAINT.

      A.       LEGAL STANDARD.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as factual allegations that make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 & n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'").

      B.      REQUIREMENTS TO STATE A CLAIM UNDER § 1983.

To state a claim under § 1983, a plaintiff must allege:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

II.      ANALYSIS.

The limitations period for § 1983 actions arising in Tennessee is one year.  *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run."  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or has reason to know" of the alleged injury through "reasonable diligence."  *Id.* at 273.

Plaintiff's writ of mandamus was signed by inmate Jordan on October 10, 2023.  (D.E. 1-1 at PageID 16-17.)  Though the writ was filed on Owens' behalf and did not bear his signature, for purposes of discussion and liberally construing the pleading in his favor, the Court treats October 10, 2023, as the date he placed the complaint into the prison mail system.  *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for pro se prisoner filings); *see also*

4

*Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as filed on the date [the prisoner] signed it").

Plaintiff alleges that the incident giving rise to his § 1983 claims occurred on May 11, 2022, but he did not file his complaint until October 10, 2023—several months after the limitations period expired on May 11, 2023. As all of the claims in the complaint are barred by the one-year statute of limitations applicable to § 1983 actions arising in Tennessee, the complaint is DISMISSED WITH PREJUDICE as untimely.

III.     AMENDMENT UNDER THE PLRA.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Owens cannot cure the deficiencies in the complaint with further amendment because all his § 1983 claims are time-barred. The Court DENIES leave to amend.

IV.     APPELLATE ISSUES.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Plaintiff would not be taken in good faith. If Owens nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate

filing fee or, if he is confined at that time, (2) submit a new in forma pauperis affidavit and a current certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. § 1915(a)-(b).

V.  NOTICE OF STRIKE RECOMMENDATION.

The "three strikes" provision of § 1915(g) prevents a court from granting in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

VI.  CONCLUSION.

For the reasons explained above:

A.  Owens' § 1983 claims are DISMISSED WITH PREJUDICE for failure to allege facts stating a claim on which relief can be granted as his claims are time-barred. *See* §§ 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)-(2).

B.  Leave to amend is DENIED.

C.  The Court RECOMMENDS that this dismissal be treated as a strike pursuant to § 1915(g). *See Simons*, 996 F.3d 350.

D.  The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed in forma pauperis on appeal.

E.  This case is DISMISSED in its entirety.

IT IS SO ORDERED this 9th day of October 2024.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE